UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN THOMAS,

    Plaintiff,

v.                                                                  Case No: 8:19-cv-55-T-36AAS

UNIVERSITY OF SOUTH FLORIDA,
MARIE BOWEN, GARETH NEVILLE,
DAVID SANTOS and TRACY
WILLIAMS,

    Defendants.
_____/

# **O R D E R**

This matter comes before the Court upon the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5), Plaintiff's response thereto (Doc. 12), Plaintiff's Amended Motion to Object to Defendants' Motion to Dismiss (Doc. 17), and Defendants' response thereto (Doc. 19). In his Complaint, Plaintiff alleges that he has a physical disability, specifically post-traumatic stress disorder ("PTSD"), and is assisted by a service animal that specializes in PTSD. Doc. 1-2 ¶¶ 4-5. Plaintiff further alleges that Defendants, which include the University of South Florida ("USF"), the Director of Financing at USF (Marie Bowen), the operator of a bus holding company that USF uses to provide bus rides (Gareth Neville), the supervisors who oversee the conduct of the driver and riders on the buses (David Santos and Tracy Williams), systematically singled him out because of his disability to prevent him from accessing the bus, in violation of federal and state law. *Id*. ¶ 12.

In the Motion to Dismiss, Defendants state that the Complaint should be dismissed against the individual Defendants (Bowen, Neville, Santos, and Williams) because these Defendants are not public entities under the ADA, and are not alleged to be public entities. Doc. 5. At 7-8.

Additionally, Defendants argue that the Complaint does not state a claim for relief under the ADA because Plaintiff does not allege that he was in compliance with the ADA's requirements with respect to service animals, specifically that such animals must be under the control of their handlers by leash, harness, or other tether. *Id.* at 8-10. Defendants contend that the ADA specifically allows handlers of service animals to be asked to leave in the event that the handler does not follow this requirement. *Id.* The Court, having considered the motion and being fully advised in the premises, will grant Defendants' Motion to Dismiss Plaintiff's Complaint.

**I.  BACKGROUND[1]**

Plaintiff suffers from PTSD. He contends that Defendants have discriminated against him because of his disability by denying him access to USF facilities, amenities and resources—specifically the bus system—because of his use of a service animal. Doc. 1-2 ¶¶ 2, 4-5, 12.[2] Plaintiff alleges that Defendants' refusal to allow a student to access resources or amenities provided to the general public is a blatant violation of federal and state law, which prohibits USF, its faculty, and its staff from denying preapproved access to USF facilities, amenities, and resources based on possession of a service animal. *Id.* ¶ 2. Plaintiff cites to 42 U.S.C. § 12184, which relates to the prohibition of discrimination in specified public transportation services provided by private entities. *Id.* Section 12184 falls under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA").

Plaintiff attached USF Police Department call history records to his Complaint which indicates that Plaintiff was in possession of an unleashed chihuahua, that was his service dog,

---

[1] The following statement of facts is derived from the Complaint (Doc. 1-2), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).
[2] A complete copy of the Complaint is at docket entries 5-1 and 37.

refused to get off the bus, and was denied a ride. Doc. 1-2 at 7. The police report reflects that Plaintiff "stated he was in control of the dog and ha[d] a wireless leash." *Id.* The dispatcher provided Plaintiff and his service dog a ride and dropped Plaintiff off without issue. *Id.*

Plaintiff served Santos with a copy of the complaint which was different from that served on the remaining defendants and the originally filed Complaint. Doc. 5 at 1-2. The Complaint filed on Santos contained additional pages missing from the originally filed Complaint. Doc. 5-1 at 4. In that copy of the Complaint, Plaintiff alleges that he was authorized to control his service animal via wireless leash, which could instantly detain the animal in a range up to 900 feet. Doc. 5-1 ¶ 7. Plaintiff further alleges that USF changed its policy in May 2017, requiring visible leaches only, and depriving him of equal access to the bus. *Id.* ¶ 8.

Defendants filed the instant Motion to Dismiss arguing that Title III of the ADA does not apply to USF because it is a public entity to which Title II applies, and that the case should be analyzed under Title II. Doc. 5 at 5-6. Additionally, Defendants argue that the individual Defendants must be dismissed because Title II does not provide for individual liability. *Id.* Defendants further argue that the ADA requires service animals to be controlled by a harness, leash or other tether, unless the handler is unable because of a disability to use a harness, leash or other tether, or such use would interfere with the service animal's safe, effective performance, in which case the service animal must be otherwise under the handler's control. *Id.* at 8-9. Because the attachments to the Complaint show that Plaintiff's service animal was not controlled by a harness, leash, or other tether, Defendants contend that they were permitted by regulation to ask Plaintiff to leave and, therefore, Plaintiff cannot state a claim under the ADA. *Id.* at 9.

Plaintiff responds that he could not use any form of physical tethering to his service animal because the animal was unable to function while tethered, and Plaintiff has a mobile disability that

3

requires a cane, walker, or other assistive device. Doc. 12 ¶ 1. Plaintiff further responds that Defendants primarily work for, with, or represent USF's Parking and Transportation Department, which identifies as a private entity. *Id.* ¶ 3.

## II. LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸ 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

Additionally, although the Court typically limits its review to the "four corners" of the complaint on a motion to dismiss, it may also examine exhibits attached to the complaint, extrinsic documents central to plaintiff's claim whose authenticity is unchallenged, and matters subject to

judicial notice. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1316 (M.D. Fla. 2017).

**III.     DISCUSSION**

   **A.     Public vs. Private Entity**

Title II of the ADA defines a "public entity" as "any State or local government," and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B).

One of the Defendants named in the Complaint is USF, which is a part of the executive branch of the State University System of the State of Florida. *See* §§ 1001.60, 1001.61, 1001.63, 1000.21(5)(d), 1001.71(3), Fla. Stat. Accordingly, Title II, not Title III, applies to USF, and Plaintiff cannot state a claim against USF under Title III.

Moreover, each of the individual Defendants is alleged to be employed in connection with USF, although Plaintiff does not specifically allege what entity employs Santos, Williams, or Neville. Doc. 1-2 ¶ 4. The Eleventh Circuit has held that, "by its terms," Title II of "the ADA only addresses discrimination by a 'public entity,' " which, "[i]n the employment context," "does not provide for individual liability, only for employer liability." *Rylee v. Chapman*, 316 F. App'x 901, 905 (11th Cir. 2009) (quoting *Mason v. Stallings¸*82 F.3d 1007, 1009 (11th Cir. 1996))' *see also Petrano v. Labarga*, No. 6:15-cv-01046-Orl-41KRS, 2016 WL 3537263, at *5 (M.D. Fla. June 29, 2016).

For these reasons alone, the Complaint is due to be dismissed for failure to state a claim. Nonetheless, because dismissal should be with leave to amend, the Court will address, below, the merits of Plaintiff's claims under a Title II analysis.

## B. Leash Requirement

Title II provides as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Additionally, 49 C.F.R. § 37.25(b), relating to university transportation systems, provides that "[t]ransportation systems operated by public institutions of higher education are subject to the provisions of this part governing public entities. If a public institution of higher education operates a fixed route system, the requirements of this part governing commuter bus service apply to that system." With respect to service requirements, 49 C.F.R. § 37.167(d) states that entities "shall permit service animals to accompany individuals with disabilities in vehicles and facilities."

Regulations related to service animals require such animals to be under a handler's control:

> A service animal shall be under the control of its handler. A service animal *shall have a harness, leash, or other tether*, unless either the handler is unable because of a disability to use a harness, leash, or other tether, or the use of a harness, leash, or other tether would interfere with the service animal's safe, effective performance of work or tasks, in which case the service animal must be otherwise under the handler's control (e.g., voice control, signals, or other effective means).

28 C.F.R. § 35.136(d) (emphasis added). In the absence of the service animal being under the handler's control, a "public entity may ask an individual with a disability to remove a service animal from the premises." *Id.* § 35.136(b).

The Complaint does not contain an allegation that Plaintiff was in compliance with section 35.136(d) by having his service animal on a harness, leash, or other tether. Instead, the Complaint indicates that Plaintiff controlled his service animal via a "wireless leash," which is a device

6

unknown to the Court or Defendants. Doc. 1-2 at 7. Plaintiff has not pleaded any facts to demonstrate that such a device exists, or what such a device is.

Nor does the Complaint contain any facts indicating that Plaintiff was unable to control the service animal via a harness, leash, or other tether because such use would interfere with the service animal's safe, effective performance of work or tasks. Accordingly, the Complaint fails to state a claim that Defendants discriminated against him in violation of the ADA.

### C. Motion to File Amended Response

After responding to the Motion to Dismiss, Plaintiff attempted to file another response seeking to supplement the allegations of the Complaint. Doc. 17. In the document, Plaintiff states again that he could not use any form of physical tethering to his service animal, and added that no physical tethering was required because he trained the animal extensively over the past five years, and the service animal was unable to function in line with her PTSD duties when tethered. *Id.* ¶ 1. Plaintiff also appears to attempt to file an amended complaint in this document. *Id.* at 3-8. Because Plaintiff's Amended Motion to Object to Defendants' Motion to Dismiss was filed without leave of the Court, it will be denied.

Plaintiff is reminded that although pro se parties are held to a less stringent standard, they are nonetheless required to follow the rules. *See, e.g.*, *Gladney v. Service*, No. 8:16-cv-1700-T-36TBM, 2016 WL 4443195, at *1 (M.D. Fla. July 5, 2016). Federal Rule of Civil Procedure 15(a)(1) allows a complaint to be amended once as a matter of course within twenty-one days of serving the complaint, or twenty-one days after a responsive pleading or motion filed under Rule 12(b), (e), or (f) is filed. Plaintiff's Amended Motion to Object to Defendants' Motion to Dismiss was not filed within either of these time periods. Rule 15(a)(2) governs in cases where (a)(1) does not apply—cases such as this—and permits amendment of a complaint only with the consent of

7

the opposing party or leave of the Court. Plaintiff's Amended Motion to Object to Defendants' Motion to Dismiss was filed without consent or leave of the Court.

To the extent that Plaintiff intended the document to be a response to Defendants' Motion to Dismiss, Plaintiff had already responded, and the rules do not permit multiple responses. *See* Doc. 12. The Local Rules for the United States District Court for the Middle District of Florida state that a party who opposes a motion "shall file within fourteen (14) days after service of the motion . . . *a* response that includes a memorandum of legal authority in opposition to the request, all of which the respondent shall include in *a* document not more than twenty (20) pages in length." (Emphasis added). Only one response is permitted. Accordingly, it is

**ORDERED**:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED**.

2. Plaintiff's Amended Motion to Object to Defendants' Motion to Dismiss (Doc. 17) is **DENIED.**

3. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file an amended complaint, containing all pages, which cures the deficiencies addressed in this Order. Failure to file an amended complaint within the time provided will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on June 12, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any